IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZENUS FUND LLC<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE PHOENIX FUND LLC; FRANCISCO J. RIVERA FERNANDEZ; AND EDGAR J. RIVERA<br><br>　　　　Defendants. | C.A. No. |

**COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS**

Plaintiff Zenus Fund LLC ("Zenus"), by and through its undersigned counsel, alleges upon knowledge as to itself and its own actions and upon information and belief as to all other matters, as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and Rules 10b-5 and 20(a) promulgated thereunder, 17 C.F.R. § 240.10b-5 and 17 C.F.R. § 240.20a-1.

2. This Court has supplemental jurisdiction over Plaintiff's claims under the laws of Puerto Rico pursuant to 28 U.S.C. § 1367.Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District, and because Defendant is a Puerto Rico limited liability company with its principal place of business in this District.

## II.     PARTIES

3. Plaintiff Zenus is a Delaware limited liability company with its principal place of business in San Juan, Puerto Rico.

4. Defendant The Phoenix Fund LLC ("Phoenix") is a Puerto Rico limited liability company.

5. Defendant Francisco J. Rivera Fernández ("Rivera-Fernández"), a Puerto Rico resident, is the president and managing member for Phoenix.

6. Defendant Edgar J. Rivera ("Rivera"), a Puerto Rico resident, is the Chief Operating Officer for Phoenix.

7. Phoenix, Rivera-Fernández and Rivera are referred to herein as the "Defendants".

## III.     NATURE OF THE COMPLAINT

8. This is an action for breach of contract, fraudulent misrepresentation, and related claims arising from Phoenix's repeated and material defaults under a series of investment agreements entered into with Zenus, which holds 100% of the Class A Shares of Zenus Bank International, Inc. ("Zenus Bank") and thereby owns a 50% equity interest in the institution. These defaults have caused severe financial harm to Zenus and have jeopardized the regulatory standing and continued operations of Zenus Bank.

9. Beginning in 2020, Phoenix committed to invest substantial capital into Zenus through convertible promissory notes and equity subscriptions. Despite repeated contractual obligations and representations of financial capacity, Phoenix failed to timely fund its commitments. In 2021, Phoenix defaulted on its obligation to fund $10 million in convertible notes, ultimately paying only $1.5 million by the contractual deadline. Although the parties later executed a Termination Agreement in December 2021 to reset their relationship, Phoenix's pattern of non-performance continued.

10. In March 2023, Phoenix entered into a new Framework Agreement with Zenus, committing to invest $10 million in Next Equity Financing. While $7 million was initially disbursed, Phoenix failed to complete the remaining $3 million investment. Under the terms of the agreement, this failure triggered a penalty clause, which Phoenix also failed to satisfy. In November 2023, the parties executed an Amended and Restated Framework Agreement, under which Phoenix committed to invest an additional $15 million. However, Phoenix again defaulted, contributing only $3.325 million of the required amount.

11. Phoenix's repeated breaches of its capital subscription obligations, coupled with its misrepresentations regarding its financial condition and intent to perform, have caused Zenus to suffer irreparable harm. These breaches have undermined Zenus's capital raise efforts, damaged its relationships with business partners, and placed Zenus Bank at risk of regulatory liquidation due to capital deficiencies directly attributable to Phoenix's defaults.

12. As a result of Phoenix's conduct, Zenus has rescinded all prior subscription transactions, retained prior contributions as partial compensation for damages, and now seeks legal redress for the full extent of its losses. Zenus brings this action to recover

damages, enforce its contractual rights, and hold Phoenix accountable for its fraudulent and injurious conduct under applicable federal and Puerto Rico law.

### IV.     FACTUAL ALLEGATIONS

13.     Beginning in June 2020, Phoenix and Zenus entered into a series of agreements involving substantial capital contributions by Phoenix to support Zenus's affiliate, Zenus Bank International, Inc.

14.     Phoenix repeatedly failed to meet its funding commitments under the 2020 Side Letter Agreement and Convertible Promissory Notes, leading Zenus to issue a formal default notice and rescind the agreements in 2021.

15.     After protracted negotiations, the parties executed a Termination Agreement on December 17, 2021, canceling all prior agreements and resetting their investment relationship.

16.     Zenus and Phoenix subsequently entered into two Subscription Agreements in December 2021 for $10 million in total convertible promissory notes. In March 2023, Phoenix and Zenus executed a Framework Agreement, later amended in November 2023, under which Phoenix represented it would invest an additional $15 million in equity contributions.  Phoenix repeatedly assured Zenus and its stakeholders that it had the capacity and intent to complete the investment in full.

17.     In reliance on Phoenix's representations, Zenus agreed to restructure and extend its financing timeline. However, Phoenix ultimately contributed only $3.325 million of the $15 million promised, leaving an unpaid balance of $11.675 million. These contributions were not only incomplete but significantly delayed, contrary to the agreed schedule and

to Phoenix's assurances. This pattern of underfunding and misrepresentation severely disrupted Zenus's financing strategy, regulatory standing, and investor relationships.

18.     In total, Phoenix committed to provide $35 million in capital to Zenus through a series of agreements executed between 2020 and 2024, including convertible promissory notes and equity subscription agreements. From the outset of the relationship, Phoenix insisted on being designated as the "Lead Investor" in Zenus, a role that carried both strategic significance and heightened responsibility. As part of this designation, Phoenix knowingly made false and misleading representations to Zenus and third parties regarding its intention and capacity to act as the lead investor in capital financing rounds. Despite such assurances, it failed to provide the committed funding or otherwise fulfill its stated role. These material misrepresentations and breaches of commitment significantly undermined the credibility of the fundraising process and directly deterred other prospective investors from participating.

19.     Of the $35 million committed, Phoenix ultimately contributed only $23.325 million. These funds were distributed in piecemeal fashion and significantly beyond the deadlines prescribed in the agreements.  The delays and shortfall created material disruptions to Zenus's operations and strategic initiatives.

20.     In further breach of their obligation, Phoenix also failed to deliver critical documents required under the agreements, including audited financial statements, regulatory filings required by the Office of the Commissioner of Financial Institutions (OCIF), and documentation mandated by the U.S. Securities and Exchange Commission (SEC) for private fundraises. These omissions further impaired Zenus's compliance posture and investor confidence.

21. Defendant's pattern of deceit, false assurances, and broken commitments inflicted substantial harm on Zenus.  In addition to direct monetary losses, Zenus lost valuable strategic opportunities, suffered reputational injury among financial institutions and investors, and expended considerable resources mitigating the consequences of Phoenix's defaults.  These damages include opportunity cost, internal disruptions, and impaired investor confidence.

22. Zenus rescinded the agreements and declared all contributed funds forfeited due to Phoenix's breach and misrepresentations regarding its financial capacity.

23. Throughout the course of its dealings with Phoenix, Zenus proactively and transparently notified the Puerto Rico Office of the Commissioner of Financial Institutions and other relevant regulatory bodies of Phoenix's ongoing defaults, capital shortfalls, and concerns about possible misrepresentations.  These disclosures were made in good faith and in compliance with Zenus's regulatory obligations, underscoring the company's diligence and good standing.

24. As a result of Defendants' false representations and repeated contractual breaches, Zenus suffered direct economic harm, lost key strategic opportunities, and experienced reputational damage in the financial services and regulatory community. The uncertainty caused by Phoenix's conduct deterred other investors, delayed capital rounds, and risked regulatory sanctions against Zenus Bank.

25. As a result of Defendants' misconduct, Zenus suffered significant harm, including impaired regulatory standing and jeopardized financing for Zenus Bank.

## V.     CAUSES OF ACTION

**Count I – Violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**

26.     Zenus incorporates by reference the allegations set forth in paragraphs 1 through 25.

27.     Phoenix, through Rivera and Rivera-Fernández, in connection with the offer, sale, and investment of securities, made materially false statements and omissions of fact regarding its financial capacity and its intent and ability to fulfill its funding obligations.

28.     Phoenix, through Rivera and Rivera-Fernández, knowingly or recklessly misrepresented that it would provide $25 million in funding, inducing Plaintiff to issue securities and delay alternate financing.

29.     Phoenix, through Rivera and Rivera Hernández, engaged in a scheme to defraud Plaintiff by issuing false assurances and entering into binding contracts it had no intention of honoring.

30.     Defendants' conduct constitutes a violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.

31.     Plaintiff suffered damages as a direct and proximate result of Defendants' securities fraud.

**COUNT II – CONTROL PERSON LIABILITY UNDER SECTION 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**

32.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31.

33. At all relevant times, Rivera and Rivera Hernández exercised actual power and control over Phoenix in connection with the fraudulent acts alleged herein, within the meaning of Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a).

34. Rivera and Rivera Hernández had the power and authority to direct the management and policies of Phoenix and were active participants in the fraudulent conduct described herein, including the misrepresentations and omissions regarding Phoenix's financial capacity and its intent to fulfill its funding obligations.

35. By virtue of their positions of control and authority, Rivera and Rivera Hernández are jointly and severally liable with and to the same extent as Phoenix for the violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 committed by Phoenix.

36. Zenus suffered damages as a direct and proximate result of the securities law violations committed by the Defendants.

**COUNT III – VIOLATION OF THE PUERTO RICO UNIFORM SECURITIES ACT**

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 36.

38. Defendant's conduct also constitutes a violation of the Puerto Rico Uniform Securities Act, 10 L.P.R.A. § 890 et seq., including § 890(b), which prohibits fraud in the offer and sale of securities.

39. Phoenix, through Rivera and Rivera Hernández misrepresented material facts and failed to disclose financial incapacity at the time of making binding equity commitments.

40. Zenus relied on these misrepresentations to its detriment in issuing securities and making critical financing decisions.

## COUNT IV – BREACH OF CONTRACT

41. Zenus incorporates by reference the allegations set forth in paragraphs 1 through 40.

42. Phoenix entered into multiple legally binding agreements with Plaintiff, including the Amended and Restated Framework Agreement.

43. Phoenix breached these agreements by failing to fund the required capital contributions totaling $12.025 million.

44. Phoenix's breach caused severe financial and reputational harm to Plaintiff.

45. Zenus is entitled to damages under the Puerto Rico Civil Code of 2020 for breach of contract, including Articles 1210–1211 and 1233 et seq.

## COUNT V – FRAUD / DOLO (PUERTO RICO CIVIL CODE)

46. Zenus incorporates by reference the allegations set forth in paragraphs 1 through 45.

47. Phoenix, through Rivera and Rivera-Fernández, induced Plaintiff to enter into agreements through fraudulent misrepresentations and false promises about its financial capacity.

48. Phoenix's conduct constitutes fraud under Articles 1217 and 1218 of the Puerto Rico Civil Code of 2020.

49. Phoenix never intended to perform its contractual obligations and used fraud to obtain favorable investment terms.

50. Zenus is entitled to rescission, damages, and any other remedies in equity or law.

## COUNT VI – UNJUST ENRICHMENT

51. Zenus incorporates by reference the allegations set forth in paragraphs 1 through 50.

52. Phoenix was unjustly enriched by retaining securities and equity rights obtained under false pretenses and without fulfilling its funding obligations.

53. Phoenix's enrichment came at Plaintiff's expense and violates equity and good conscience.

54. Zenus is entitled to restitution and equitable relief under Puerto Rico law.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Zenus respectfully requests that this Court enter judgment in its favor and against The Phoenix Fund LLC, Edgar J. Rivera and Francisco J. Rivera Hernández and grant the following relief:

a) Compensatory damages in an amount to be determined at trial, but not less than $100 million;

b) Breach of Contract damages in the amount of $11,675,000, plus interest;

c) Rescission of all securities and equity issued to Phoenix;

d) Disgorgement of unjust enrichment obtained by Phoenix;

e) Punitive damages, where permitted by law;

f) Attorneys' fees and costs, where permitted by contract or statute;

g) Pre- and post-judgment interest at the maximum legal rate; and

h) Such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 3rd day of July 2025.

*Attorneys for Zenus Fund, LLC*

*/s/Alicia I. Lavergne Ramírez*
Alicia I. Lavergne Ramírez
USDC-PR 215112

*/s/ Gustavo J. Viviani Meléndez*
Gustavo    J.    Viviani    Meléndez
USDC-PR 229513

**SANCHEZ / LRV LLC**
P.O. Box 11917
San Juan, Puerto Rico 00922-1917
Tel. 787-522-6776
Fax. 787-522-677

Case 3:25-cv-01356     Document 3     Filed 07/07/25     Page 12 of 12