IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZENUS FUND LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PHOENIX FUND LLC, FRANCISCO J. RIVERA FERNÁNDEZ, EDGAR J. RIVERA,<br><br>Defendants. | **Civil No. 25-1356 (GMM)** |

## OPINION AND ORDER

Pending before the Court is Defendants Phoenix Fund, LLC ("Phoenix Fund"), Franciso J. Rivera Fernández, and Edgar J. Rivera's (collectively, "Defendants") *Motion to Dismiss Complaint for Lack of Personal Jurisdiction Over […] Phoenix Fund, LLC, Mr. Francisco J. Rivera Fernández and Mr. Edgar J. Rivera* ("*Motion to Dismiss*"). (Docket No. 12). Defendant's *Motion to Dismiss* is **DENIED**.

### I.  BACKGROUND

This is a civil action premised on federal question and supplemental jurisdiction. Plaintiff The Zenus Fund LLC ("Zenus Fund") commenced this litigation on July 7, 2025, alleging in its Complaint for Violations of the Federal Securities Laws ("Complaint") that Defendants engaged in securities fraud, in violation of Section 10(b) of the Securities Exchange Act of 1934,

15 U.S.C. § 78j; Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; Section 410 of Puerto Rico's Uniform Securities Act of 1963, P.R. Laws Ann. tit. 10 § 890(b); breach of contract, in violation of Article 1163 of Puerto Rico's Civil Code of 2020, P.R. Laws Ann. tit. 31 § 9315; bad faith, in violation of Article 1164 of Puerto Rico's Civil Code of 2020, P.R. Laws Ann. tit. 31 § 9316; and unjust enrichment, in violation of Article 1526 of Puerto Rico's Civil Code of 2020, P.R. Laws Ann. tit. 31 § 10771.[1] (Docket No. 3).

Zenus Fund's claims arise from Defendants' purported failure to provide an agreed-upon total amount of $35 million in capital investments between 2020 and 2024. (Id. at 2-6 ¶¶ 8-25). As alleged in the Complaint, Defendants committed to invest in Zenus Fund through a series of convertible promissory notes and equity subscription agreements and to hold themselves out as Zenus Fund's "Lead Investor." (Id. at 3 ¶ 18). Yet, despite repeated assurances of financial capacity and intent to perform, Phoenix Fund consistently defaulted on its obligations and funded only $23.325 million, often late and in piecemeal fashion. (Id. at 5-6 ¶¶ 19-25). Phoenix Fund also failed to provide audited financial statements and regulatory documentation, further compromising compliance and investor confidence. (Id. at 5 ¶ 20).

On August 13, 2025, Zenus Fund informed the Court that, despite multiple attempts, it has been unable to effectuate

personal service process on Defendants. (Docket No. 6). Upon examination of Zenus Fund's *Motion Requesting Authorization for Service of Process by Publication* and *Sworn Statement Regarding Non-Service of Summons*, (Docket Nos. 6, 6-1), the Court permitted Zenus Fund to serve Defendants by publication, via a newspaper of general circulation, and ordered that a copy of the *Complaint* and summons be sent to the Defendants' last known addresses by certified mail with return receipt requested, within ten days of the summons' publication. (Docket No. 7). Zenus Fund filed proof that service by publication was made on August 29, 2025, as to each of the Defendants pursuant to Puerto Rico Rule 4.6 of Civil Procedure,[1] and that a copy of the *Complaint* along with the summons were sent to them individually by certified mail with return receipt requested on September 2, 2025. (Docket No. 9).

Thereafter, Defendants responded by filing their *Motion to Dismiss*, where they allege that the service of process by publication was insufficient because the summons published in El Vocero failed to state the time within which the Defendants were required to appear and defend. (Docket No. 12). As such, Defendants seek dismissal of this civil action for insufficient service of

---

[1] Zenus Fund indicates in *Plaintiffs' Motion Submitting Proof of Service by Publication to Defendants The Phoenix Fund LLC, Francisco J. Rivera Fernández and Edgar J. Rivera* that service by publication was made via El Nuevo Día newspaper, (Docket No. 9), yet all exhibits attached thereto indicate that service by publication was made via El Vocero newspaper. (Docket Nos. 9-1 to 9-5).

process. (Id.). In response, Zenus Fund filed an *Opposition to Motion to Dismiss* ("*Opposition*"), (Docket No. 14), and a *Motion Reiterating Opposition to Motion to Dismiss*, (Docket No. 15), acknowledging that that the service by publication did not indicate the time within which the Defendants shall appear and defend, yet also exhorting the Court to quash such service by publication and – rather than dismissing the civil action – grant Zenus Fund twenty days to serve Defendants properly.

## II. LEGAL STANDARD

A. Fed. R. Civ. P. 4

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45 (1946).

"Today, service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." Omni Capital Int'l, 484 U.S. at 104. Under Rule 4(a), a proper summons must "state the time within which the defendant must appear and defend." Fed. R. Civ. P. 4(a)(1)(D).

**Civil No. 25-1356 (GMM)**
**Page -5-**

In addition to the established federal procedures, individuals and corporations may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" – thus allowing service of process in accordance with the procedures permitted under Puerto Rico law. Id. 4(e)(1), 4(h)(1)(A). Accordingly, Puerto Rico Rule of Civil Procedure 4.6 allows the services of summons by publication, P.R. Laws Ann. tit. 32, app. III. R. 4.6, so long as such summons comply with Puerto Rico Rule 4.2's requisite of stating "the term within which these rules require the defendant to appear before the Court." P.R. Laws Ann. tit. 32, app. III. R. 4.2.

"Whenever service of process is attempted pursuant to a procedural rule of Puerto Rico, this Court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico." Culebra Conservation & Dev. Auth. v. Wit Power II, 108 F.R.D. 349, 352 n.5 (D.P.R. 1985); see Gibbs v. Paley, 354 F. Supp. 270, 272 (D.P.R. 1973) (If "[s]ervice was attempted pursuant to a procedural rule of Puerto Rico" then "[t]his Court is bound by definitive interpretations of that rule by the Supreme Court of Puerto Rico."); see also Hosp. Mortg. Group, Inc. v. Parque Indus. Río Cañas, Inc., 653 F.2d 54, 57 (1st. Cir. 1981).

B.   Fed. R. Civ. P. 12(b)(5)

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Wright & Miller's Federal Practice and Procedure § 1353 (3d ed. 2010); Rivera-Otero v. Amgen Mfg. Ltd., 317 F.R.D. 326, 328 (D.P.R. 2016). A party filing a motion under Rule 12(b)(5) "is essentially contesting the manner in which process of service was performed." Ramírez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006). When service of process has been challenged, the plaintiff bears the burden of proving service was properly executed. Rivera-López v. Mun. of Dorado, 979 F.2d 885, 887 (1st. Cir. 1992).

"Motions under Rule 12(b)(5) differ from other motions permitted by Rule 12(b) in that they provide a district court with a course of action other than dismissing the case when the defendant prevails." 5B Wright & Miller's Federal Practice and Procedure § 1354 (3d ed. 2010). Under Rule 12(b)(5), "district courts possess broad discretion either to dismiss the action or to retain the case and quash the service made on the defendant." Ramírez De Arellano, 236 F.R.D. at 85. Accordingly, "[i]t is well known that the dismissal of the action under Fed. R. Civ. P. 12(b)(5) is inappropriate when there is a 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Ortiz v. Reyes, 05-CV-1721, 2006 WL 940703, at *4 n.1 (D.P.R. Apr. 10, 2006); see also

LD White Sugar Corp. v. Able Sales Co., 19-CV-2099, 2021 WL 11962976, at *1 (D.P.R. Mar. 24, 2021); Monefeldt v. United States, 24-CV-1220, 2025 WL 566328, at *2-3 (D.P.R. Feb. 20, 2025). Hence, when the defects in the initial service of process are curable, "the Court should treat a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service." Ramírez de Arellano, 236 F.R.D. at 85 n.4.

### III. ANALYSIS

This District Court has abided by the general rule that, when a defective summons is curable, a Rule 12(b)(5) motion may be treated as a motion to quash service of process – thus, ordering a plaintiff to properly redo service of process, rather than dismissing the civil action. In this case, the service of process by publication was made pursuant to Rule 4.6 of Puerto Rico's Rules of Civil Procedure and, hence, this Court is legally bound by the Supreme Court of Puerto Rico's interpretation as to whether the procedural fault at play is curable or fatal.[2]

The Supreme Court of Puerto Rico has determined that Rule 4.2's requirements entail "strict compliance," Chase Manhattan Bank, N.A. v. Polanco Martínez, 131 D.P.R. 530, 535 (P.R. 1992);

---

[2] As this civil action arises from federal question, the Erie doctrine is inapplicable. See generally Erie R.R. v. Tompkins, 304 U.S. 64 (1938); see also Guar. Tr. Co. v. York, 326 U.S. 99, 108-09 (1945).

Rodríguez v. Nasrallah, 118 D.P.R. 93, 98 (P.R. 1986), further emphasizing that compliance with the Commonwealth's procedural rules shall be "rigorous, faithful and strict" when service of process is made by publication. Medina Garay v. Medina Garay, 161 D.P.R. 806, 819 (P.R. 2004) (emphasis included in original); *see also* Márquez Resto v. Barreto, 143 D.P.R. 137, 143 (P.R. 1997); Marrero Albino v. Vázquez Egean, 135 D.P.R. 174, 177 (P.R. 1994); Reyes v. Oriental Fed. Savs. Bank, 133 D.P.R. 15, 21 (P.R. 1993). As it specifically pertains to service by publication in a federal action – when such service of process was conducted in accordance with Puerto Rico law – the Supreme Court of Puerto Rico has indicated that failure to indicate in the published summons the time within which Defendants shall appear and defend is a flaw that renders the service of process insufficient and, consequently, strips the federal court from jurisdiction. Marrero Albino, 135 D.P.R. at 177.

None of the summons that were published in El Vocero as to each of the Defendants satisfy either federal Rule 4(a)(1)(D)'s and or Puerto Rico Rule 4.2's requisite of specifying the time within which Defendants shall appear and defend. (Docket No. 9-1). Plaintiff concedes as much in their *Opposition*. (Docket No. 14).

Thus, Zenus Fund's service by publication in El Vocero, made on August 29, 2025, was procedurally flawed and insufficient for

this Court to establish personal jurisdiction over Defendants. <u>Senior Loiza Corp. v. Vento Dev. Corp.</u>, 760 F.2d 20, 24 (1st. Cir. 1985) (holding that Rule 4.6 "sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication, and any significant failure to comply with its requirements will cause the nullity" going forward).[3] Yet, in light of this District Court's general practice of treating a Rule 12(b)(5) motion to dismiss as a motion to quash service of process – along with Zenus Fund's diligent efforts in prosecuting the case; Defendants' appearance before this Court; and Defendants' knowledge about the claims against them – the Court **DENIES** Defendant's *Motion to Dismiss*, **QUASHES** Zenus Fund's service of process by publication, and **GRANTS** Zenus Fund twenty-one (21) days to either coordinate a waiver of service of process with Defendants or personally serve Defendants.

In accordance with federal Rule 4(d)(2), if Defendants refuse to sign a waiver without good cause or purposefully avoid formal service of process, then Defendants will be responsible for bearing the expenses that Zenus Fund incurs in effectuating service of process, including attorney's fees. Fed. R. Civ. P. 4(d)(2)(A)-(B).

---

[3] Although the First Circuit cites Rule 4.5 of Puerto Rico's Rules of Civil Procedures, in 2009 such rules were amended – taking effect as of July 1, 2010 – and service of process by publication passed from being Rule 4.5 to Rule 4.6, yet under the same legal standard.

### IV.  CONCLUSION

The Court **DENIES** Defendants' *Motion to Dismiss*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on January 7, 2026.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
